# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE SECTION

UNITED STATES OF AMERICA    ]

VS.    ]    CRIM. CASE NO. 3:06-cr-00168

    ]    JUDGE TRAUGER

MARINO SCOTT    ]

---

## PETITION TO ENTER A PLEA OF GUILTY

---

I, Marino Scott, respectfully represent to the court as follows:

(1) My true full name is Marino Bernard Scott. I was born on December 4, 1971 and completed 11 years of formal education and received a G.E.D. degree..

(2) My court appointed lawyer is Dwight E. Scott.

(3) I have received a copy of the indictment before being called upon to plead and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in the indictment.

(4) I have told my lawyer the facts and surrounding circumstances concerning the matters mentioned in the indictment and believe and feel that my lawyer knows enough about my case to render me effective assistance. My lawyer has counseled and advised with me as to the nature and cause of every accusation against me. We have thoroughly discussed the government's case against me and my potential defenses to the government's case. My lawyer has explained to me each element of the crime charged and how the government would offer to prove these elements beyond a reasonable doubt.

(5) I understand that the statutory penalty for the offense with which I am charged is: **Count 1**, up to twenty years incarceration, up to $ 250,000 fine, a period of supervised release of not more than 5 years, no restitution, and a mandatory special assessment of $100.00 per count as provided in 18 U.S.C. § 3013.

As to the count to which I am offering to plead guilty, I understand that the statutory

1



penalty for the offense with which I am charged is: **Count 1**, up to twenty years incarceration, up to $ 250,000 fine, a period of supervised release of not more than 5 years,  no restitution, and a mandatory special assessment of $100.00 per count as provided in 18 U.S.C. § 3013..

I have been advised that I may be sentenced under the sentencing provisions of the Comprehensive Crime Control Act of 1984, pursuant to guidelines established by the United States Sentencing Commission. However, the guidelines are but one of several factors that the Court may consider under the provisions of 18 U.S.C. § 3553(a) in imposing a sentence. I also understand that the Judge may impose a sentence within the guideline range unless the court finds, and states on the record, any mitigating or aggravating circumstances that were not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. I also understand that, if the court fails to follow the guidelines or improperly applies the guidelines, I have a right to a review of my sentence by the United States Court of Appeals for the Sixth Circuit, subject to any limitations which are set forth in any plea agreement I may have with the United States Government. I have been advised by my attorney of an estimated guideline range in my case. I realize, however, that this is simply my attorney's estimate and that my guideline range will be calculated by the United States Probation Officer who prepares the pre-sentence report in my case, subject to challenge by either me or the government with the final guideline calculation based upon the factual and legal findings of the court. These findings are subject to appeal.

I further understand that, as part of any sentence of imprisonment I receive, I may be sentence to a mandatory period of supervised release and that, if I violate the terms of supervised release, upon revocation I could be imprisoned for a term equal to the entire period of supervised release. If I am charged with more than one offense, I understand that the sentencing guidelines take this into consideration and it may result in a longer sentence whether or not I plead guilty to more than one offense. I have been informed that under the present federal sentencing system I will not be subject to parole and I will receive only 54 days good time per year and it will not vest until the end of each year. I further understand that I will be sentenced to a mandatory fine to be calculated through the guidelines unless the Judge finds me indigent and unable to pay any fine. Considered in this fine will be the amount of financial loss to the victim or gain to me as well as the costs of any confinement or probation supervision.

I understand that, should this plea of guilty be accepted, I will be a convicted felon in the eyes of the law for the rest of my life. This means, under present law, that: (a) I cannot vote in Tennessee; (b) I cannot possess a firearm anywhere; (c) If I am presently on probation or parole, whether state or federal, the fact that I have been convicted may be used to revoke my probation or parole regardless of what sentence I receive on this case; (d) This conviction may be used as one of the necessary convictions a state would have to prove should they decide to prosecute me for being an habitual criminal. If I were convicted of being an habitual criminal I could be sentenced up to life imprisonment depending on state law; (e) I may have to disclose the fact that I am a convicted felon when applying for employment and such disclosure may result in my not getting some jobs and having difficulty in getting others. If I have been convicted of certain drug

2



offenses, my conviction may result in my losing entitlement to certain federal benefits pursuant to the Anti-Drug Abuse Act of 1988.

(6) I understand that I can plead "NOT GUILTY" to any or all offenses charged against me, and to persist in that plea, and that if I choose to plead not guilty, the United States Constitution guarantees me (a) the right to a speedy and public trial by jury; (b) the right not to testify and no implication of guilt would arise by my failure to do so; (c) the right to be presumed innocent until such time, if ever, that the government proves my guilt beyond a reasonable doubt to the satisfaction of a court and jury; (d) the right to see and hear all the witnesses and to cross-examine any witness who may testify against me; (e) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in my favor, and to testify in my own behalf if I choose to do so; (f) the right to have the assistance of counsel in my defense at all stages of the proceedings; (g) if I am convicted at such trial I have the right to appeal with a lawyer to assist me and the appeal will not cost me any money if I am indigent. I understand that if the court accepts my plea that there will be no jury trial and that I will be convicted of the counts to which I plead just as if a jury found me guilty of the charges following a trial and that the court may impose sentence upon me within the limits set forth in the plea agreement stated in paragraph (10) herein.

(7) No officer or agent of any branch of government (federal, state or local), nor any other person, has told me what sentence I will receive. If there are any agreements between myself and my lawyer and the prosecution concerning my plea they are fully set forth in paragraph (10) below. I understand that, even with a plea agreement, no person can bind the Judge to give any particular sentence in my case and that, if the Judge decides to reject the plea agreement set forth in paragraph (10) below, I will be offered the opportunity to withdraw my plea and plead not guilty, if I desire, unless the government has only agreed to recommend a sentence to the court [Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure]. I hope to receive probation or some form of leniency but I am prepared to accept any punishment permitted by law which the judge may see fit to impose. I understand that I am not eligible for a sentence of probation if I receive any sentence of imprisonment or am convicted of a Class A or Class B felony punishable by twenty or more years imprisonment. I understand that, if the judge decides to make a recommendation about where I should serve any incarceration, the recommendation is not a promise or guarantee, but only a recommendation and is not binding on the Bureau of Prisons, which will make the final decision (after I am sentenced) about where I will be incarcerated.

(8) My lawyer has done all that anyone could do to counsel and assist me, and I understand the proceedings in this case against me. My lawyer has done all the investigation and research in this case that I have asked him to do and I am satisfied with his representation at this point.

(9) Fully understanding my rights to plead "NOT GUILTY" and fully understanding the consequence of my plea of guilty, I wish to plead "GUILTY" and respectfully request the Court to accept my plea as follows:

3



**Plead guilty to Count 1 of the indictment.**.

(10) This plea is a result of a plea agreement between my lawyer and the prosecution under the provision of Rule 11 of the Federal Rules of Criminal Procedure. The plea agreement is as follows:

**See attached plea agreement**.

(11) I offer my plea of "GUILTY" freely and voluntarily and of my own accord; also my lawyer has explained to me, and I feel and believe I understand, the statements set forth in the indictment, and in this petition, and in the "Certificate of Counsel" which is attached to this petition.

(12) I am not under the influence of either drugs or alcohol.

(13) I pray that the court enter my plea of "GUILTY" as set forth in paragraph (9) of this petition, in reliance upon my statements made in this petition.

(14) Recognizing that the court may reserve acceptance of this plea pending the receipt of the pre-sentence report, I hereby waive the provision of Rule 32, Fed. R. Crim. P. to the extent that such provision conflicts with 18 U.S.C. § 3552(d), and agree that the pre-sentence report may be disclosed to the United States Attorney, my counsel and myself, prior to the sentencing hearing.

Signed by me in open court under the penalties of perjury and in the presence of my lawyer, this the _20_ day of _February_ , 2007.

x _____

DEFENDANT

## ACKNOWLEDGMENT OF GOVERNMENT ATTORNEY

The maximum punishment, plea and plea agreement (if any) are accurately stated above.

_____

ATTORNEY FOR GOVERNMENT

## CERTIFICATE OF COUNSEL

The undersigned, as attorney and counselor for Marino Scott, hereby certifies as follows:

(1) I have read and fully explained to Mr. Scott all the accusations against him in this case;

4

(2) To the best of my knowledge and belief each statement set forth in the foregoing petition is in all respects accurate and true:

(3) In my opinion the plea of "GUILTY" as offered by my client in paragraph (9) of the foregoing petition, is voluntarily and understandingly made; and I recommend to the court that the plea of "GUILTY" be accepted and entered as requested in paragraph (9) of the foregoing petition.

Signed by me in open court and in the presence of my client this _20_ day of
_February_____, 20_07_

DWIGHT E. SCOTT NO 016892
ATTORNEY FOR DEFENDANT
4024 COLORADO AVE.
NASHVILLE, TN 37209
(615) 292-6865

5

## <u>ORDER</u>

Good cause appearing therefore from the foregoing petition of the foregoing named defendant and the certificate of counsel and for all proceedings heretofore had in this case, it is ORDERED that the petition be granted and the defendant's plea of "GUILTY" be accepted and entered as prayed in the petition and as recommended in the certificate of counsel.

DONE in open court this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:06-00168 |
| | ) | JUDGE TRAUGER |
| MARINO BERNARD SCOTT | ) | |

## PLEA AGREEMENT

The United States of America, through Craig S. Morford, United States Attorney for the Middle District of Tennessee, and Harold B. McDonough, Jr., Assistant United States Attorney, and the defendant, Marino Bernard Scott, and the defendant's counsel, Dwight Scott, pursuant to Rule 11 of the Federal Rules of Criminal Procedure have entered into an agreement, the terms and conditions of which are as follows:

## Charges in This Case

1.      Defendant acknowledges that he has been charged in the indictment in this case with bank robbery in violation of Title 18, United States Code, Section 2113 (a).

2.      Defendant has read the charge against him contained in the indictment and that charge has been fully explained to him by his attorney.  Defendant fully understands the nature and elements of the crime with which he has been charged.



### Charge[s] to Which Defendant is Pleading Guilty

3.  By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the indictment, charging bank robbery.

### Penalties

4.  The parties understand and agree that the offense to which defendant will enter a plea of guilty carries the following maximum terms of imprisonment and fines: up to 20 years and up to $250,000.

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

5.  This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 3:06-00168.

6.  Defendant understands that by pleading guilty he surrenders certain rights, including the following:

> (a)  If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

> (b)  If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause when actual bias or other disqualification is shown, or

2



without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charge(s) beyond a reasonable doubt; that it could not convict defendant on the charge(s) in the indictment unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt; and that it must consider each count of the indictment against defendant separately.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

7. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the

3



consequences of his waiver of those rights. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial.

8.      The parties have no reason to believe that the defendant suffers from any mental health or physical problems that would affect his competency to plead guilty.

### Factual Basis

9.      Defendant will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

(a) On August 29, 2006, Regions Bank at 3325 West End Avenue, Nashville, Tennessee was insured by the Federal Deposit Insurance Cooperation (FDIC). On that date the defendants, Charlie Dewayne Scott and Terrell Marion, entered the back door of the bank, and then entered the teller area by kicking open the door to the teller area. The two men were both covered in camouflage clothing including masks that covered their faces.

The two men pried open the teller drawers using a screwdriver and removed the bank's money. The bank's employees did not try to stop them because they were intimidated and afraid that they would be injured by one or both of the robbers using a screwdriver.

The two removed cash and dye bombs from the teller drawers and placed them in a plastic container that they had brought. The bank later determined that $18,437 was taken from the bank.

4



The defendants, Charlie Dewayne Scott and Terrell Marion left the bank and got into a 1984 Chevrolet Caprice parked at the rear of the bank. As they were getting into the car the dye bombs exploded. In attempting to flee they drove the car into a concrete barrier which disabled the car.

A witness saw them abandon the Chevrolet and run down the street scattering money as they went. The witness saw them get into a second car and drive off. The second car was later determined to be a 1986 Oldsmobile Cutlass. Police later determined that the Chevrolet and the Oldsmobile had been stolen earlier that morning.

Approximately an hour after the robbery a Mercedes automobile traveling west on I-40 was stopped by an officer with the 23rd Judicial Drug Task Force. The driver of the car was defendant Marino Scott. Defendant Charlie Scott was seated in the front passenger seat. Defendant Terrell Paris Marion and Allison Williams were seated in the back.

Under the hood of the Mercedes police found camouflage masks like those worn by the robbers. Also found under the hood of the car was red dye stained cash in bank straps bearing the stamp of the bank that had just been robbed.

Inside the car police found boxes for camouflage masks like those worn by the robbers. They also found compact discs and a blue compact disc case. It was later determined that these items had been in the Chevrolet and the Oldsmobile when they were stolen that morning.

A fingerprint of defendant Marino Scott was found on tape covering a window that had been broken out on the stolen Chevrolet. Agents with the FBI Violent Crimes Task Force went to a Walmart in Jackson, Tennessee where they viewed video tapes made by security cameras in the store on August 28, 2006, the day before the robbery. When they looked at the security

5

camera tapes for that day they saw defendants Marino Scott and Charlie Scott purchasing camouflage clothing like that worn by the robbers.

The physical builds of defendants Charlie Scott and Terrell Marion matched those of the two robbers.

Agents with the FBI Task Force obtained video tapes made by the security cameras at the Best Western Belle Meade Inn on O'Brien Avenue in Nashville. On the security camera tapes they saw the three defendants and Allison Williams entering one of the motel's rooms on the night of August 28, 2006. On the tapes they saw the three defendants leave the motel room early on the morning of August 29, 2006, and return shortly after the robbery, to pick up Allison Williams and leave. They were stopped a short time later by the agent in Dickson County.

This statement of facts is provided solely to assist the Court in determining whether a factual basis exists for defendant's plea of guilty. The statement of facts does not contain each and every fact known to the defendant and to the United States concerning the defendant's and/or others involvement in the offense conduct and other matters.

### Sentencing Guidelines Calculations

10.     The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with other sentencing goals, and will consider the U.S.S.G. recommended sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2006.

11.     For purposes of determining the U.S.S.G. recommended sentencing range, the United States and the defendant agree on the following points:

6



a. **Offense Level Calculations.**

I. The base offense level for the count of conviction is 20 pursuant to U.S.S.G. § 2B3.1.

ii. The parties agrees that the offense level should be increased by two levels under 2B3.1 (b)(1) because property of a financial institution was taken.

iii. The parties agree that the offense level should be increased by one level under 2B3.1 (b)(7)(B) because the amount of money taken was more than $10,000, but less than $50,000.

iv. The parties have no agreement as to whether the offense level should be increased under 2B3.1 (b)(2) for use or possession of a dangerous weapon.

v. Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G § 3E1.1(b), because the defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

b. **Criminal History Category**. The parties have no agreement as to the defendant's criminal history category.

7

c.  Defendant is aware that any estimate of the probable U.S.S.G. recommended sentencing range that defendant may have received from defendant's counsel, the United States, or the Probation Office is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Defendant understands that the Probation Office will conduct its own investigation, that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final U.S.S.G. calculations and thus the final U.S.S.G. recommended sentencing range. Accordingly, the validity of this agreement is not contingent upon the Probation Officer's or the Court's concurrence with the above calculations. In the event that the Probation Office or the Court contemplates any U.S.S.G. adjustments, departures, or calculations different from those recommended above, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same. Defendant further acknowledges that if the Court does not accept the U.S.S.G. recommendations of the parties, defendant will have no right to withdraw his guilty plea.

<u>Cooperation</u>

12.  Defendant agrees to cooperate fully and truthfully with the United States and to provide all information known to him regarding any criminal activity. In that regard:

a.  Defendant agrees to respond truthfully and completely to any and all questions that may be put to him, whether in interviews, before a grand jury, or at any trial(s) or other court proceedings.

b.  Defendant agrees to be reasonably available for debriefings and pre-trial conferences as the United States may require.

8



c. Defendant agrees to produce voluntarily any and all documents, records, writings, or materials of any kind in his possession or under his care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

d. Defendant consents to continuances of his sentencing hearing as requested by the United States.

13. Nothing in this Plea Agreement requires the government to accept any cooperation or assistance that the defendant may choose to proffer. The decision as to whether and how to use any information and/or cooperation that defendant provides (if at all) is in the exclusive discretion of the United States.

14. Defendant must at all times give complete, truthful, and accurate information and testimony, and must not commit, or attempt to commit, any further crimes. Defendant understands that if he falsely implicates an innocent person in the commission of a crime, or exaggerates the involvement of any person in the commission of a crime in order to appear cooperative, or if the defendant falsely minimizes the involvement of any person in the commission of a crime in order to protect that person, then the defendant will be in violation of the Plea Agreement. Should the United States determine that defendant has failed to cooperate fully, has intentionally given false, misleading, or incomplete information or testimony, has committed or attempted to commit any further crimes, or has otherwise violated any provision of this Plea Agreement, the United States may in its discretion and as appropriate in light of particular circumstances: (1) prosecute defendant for perjury, false declarations or statements, and obstruction of justice; (2) prosecute any other crime alleged in the indictment that would

9

have otherwise been dismissed at sentencing; (3) charge defendant with other crimes; and (4) recommend a sentence up to the statutory maximum.

15.     This Plea Agreement is not conditioned upon charges being brought against any other individual.  This Plea Agreement is not conditioned upon any outcome in any pending investigation.  This Plea Agreement is not conditioned upon any result in any future prosecution that may occur because of defendant's cooperation.  This Plea Agreement is conditioned upon the defendant providing full, complete, and truthful cooperation.

16.     The parties agree that the United States reserves its option to seek any departure from the applicable Sentencing Guidelines, pursuant to U.S.S.G. § 5K1.1 or Rule 35(b) of the Federal Rules of Criminal Procedure, if in its sole discretion, the United States determines that such a departure is appropriate.

17.     If the United States in its sole discretion determines that defendant has cooperated fully, provided substantial assistance to law enforcement authorities, and otherwise complied with the terms of this Plea Agreement, the government may file a motion pursuant to U.S.S.G. § 5K1.1 with the Court setting forth the nature and extent of defendant's cooperation.  Defendant understands that at the time of this Plea Agreement is entered, no one has promised that a substantial assistance motion will be made on defendant's behalf.

18.     If the United States files a motion pursuant to U.S.S.G. § 5K1.1, it is understood that the sentence to be imposed upon defendant is within the sole discretion of the Court.  The United States cannot, and does not, make any promise or representation as to what sentence defendant will receive, and will not recommend any specific sentence to the Court.  The United States will inform the Probation Office and the Court of (a) this Plea Agreement; (b) the nature

10

and extent of defendant's activities with respect to this case and all other activities of defendant

that the United States deems relevant to sentencing; and (c) the nature and extent of defendant's

cooperation.

## Agreements Relating to Sentencing

19.     The government agrees to recommend a sentence at the bottom of the applicable

guideline range.

20.     It is understood by the parties that the Court is neither a party to nor bound by this

Plea Agreement and, after consideration of the Sentencing Guidelines, may impose the maximum

penalties as set forth above.  Defendant further acknowledges that if the Court does not accept

the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty

plea.  Similarly, the defendant understands that any recommendation by the Court related to

location of imprisonment is not binding on the Bureau of Prisons.

21.     Defendant agrees to pay the special assessment of $100 at or before the time of

sentencing with a check or money order payable to the Clerk of the U.S. District Court.

## Presentence Investigation Report/Post-Sentence Supervision

22.     Defendant understands that the United States Attorney's Office, in its submission

to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise

the District Court and the United States Probation Office of the nature, scope, and extent of

defendant's conduct regarding the charges against him, as well as any related matters.  The

government will make known all matters in aggravation and mitigation relevant to the issue of

sentencing.

11

23.     Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer.  Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of justice under U.S.S.G. § 3Cl.l, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

24.     This Plea Agreement concerns criminal liability only.  Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity.  The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

### Waiver of Appellate Rights

25.     The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Acknowledging this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the offense level as determined by the Court or the manner in which this sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, in exchange for the concessions made by the United States in

12

this Plea Agreement. The defendant also knowingly waives the right to challenge the sentence imposed and the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or 2241. Such waiver does not apply, however, to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel, or if the Court departs upward. In exchange for the agreement made by the defendant in waiving a sentence appeal, the United States of America similarly waives its right to appeal the sentence under 18 U.S.C. § 3742.

### Conclusion

26.     Defendant understands that the indictment and this Plea Agreement will be filed with the Court, will become matters of public record, and may be disclosed to any person.

27.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement, to cause defendant to plead guilty.

28.     Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

29.      No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

13

30.     Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.


Date: 2/20/07                    _____
                                 Marino Bernard Scott
                                 Defendant


14

31.  <u>Defense Counsel Signature</u>: I am counsel for the defendant in this case.  I have fully explained to the defendant his rights with respect to the pending indictment.  Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to the defendant the provisions of those guidelines that may apply in this case.  I have reviewed carefully every part of this Plea Agreement with the defendant.  To my knowledge, the defendant's decision to enter into this Plea Agreement is an informed and voluntary one.


Date: 2/20/07

Dwight Scott
Attorney for Defendant


Respectfully submitted,

CRAIG S. MORFORD
United States Attorney
Middle District of Tennessee

By:

HAROLD B. McDONOUGH, JR.
Assistant U.S. Attorney

DAVID RIVERA
Deputy Criminal Chief

15